Michael H. Korpi, OSB #031594
McKENZIE ROTHWELL BARLOW
  & KORPI, P.S.
1325 Fourth Avenue, Suite 910
Seattle, WA 98101
(206) 224-9900

FILED 30 SEP '11 10:55 USDC-ORP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

TRUSTEES OF THE WESTERN STATES HEALTH & WELFARE TRUST FUND OF THE OPEIU,

    Plaintiffs,

vs.

STATE STREET GLOBAL ADVISORS, INC.,

    Defendant.

NO. CV '11 - 1192 - HA

COMPLAINT FOR NEGLIGENCE, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, AND DAMAGES

Plaintiffs allege:

### I. PARTIES AND JURISDICTION

1. Plaintiffs are trustees of the Western States Health & Welfare Trust Fund of the OPEIU ("the Trust"), which is a multiemployer joint labor-management employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended (hereafter "ERISA"). The Trust provides medical and related benefits to eligible employees and their beneficiaries of employers that participate in the Trust. The principal place of business of the Trust is in Portland, Oregon.

COMPLAINT FOR NEGLIGENCE, ETC. – 1

167.010 pldg mi281401

McKENZIE ROTHWELL BARLOW
& KORPI, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900


#43003

2. The benefits provided by the Trust are funded by collectively-bargained employer contributions and investment income earned by investing the assets of the Trust. As of January 31, 2009, the market value of the Trust's assets was approximately $10.6 million.

3. Defendant is a subsidiary of State Street Corporation, a financial services holding company, and is headquartered in Boston, Massachusetts.

4. This court has subject-matter jurisdiction over this action under sections 502(a)(2), 502(a)(3), 502(e)(1), and 502(f) of ERISA, 29 U.S.C. §§ 1132(a)(2), 1132(a)(3), 1132(e)(1), and 1132(f). Because plaintiffs' operations are headquartered in Portland, Oregon and defendant is headquartered in Boston, Massachusetts, this court also has diversity jurisdiction under 28 U.S.C. § 1332. This court also has supplemental jurisdiction under 28 U.S.C. § 1367, because plaintiffs' common-law claims against the defendant arise out of a common nucleus of operative facts. This court has personal jurisdiction over defendant under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is properly laid in the District of Oregon under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## II. FACTS

6. At all material times, defendant was authorized to transfer investment funds on behalf of the Trust under a Transaction Security Agreement ("the Agreement").

7. Under the Agreement, defendant was responsible for transferring funds to and from custodial and investment accounts as directed by the plaintiffs.

8. On January 12, 2009 plaintiffs authorized and directed the liquidation and transfer to Vanguard Group, Inc. ("Vanguard") of a Trust investment account ("the account")

COMPLAINT FOR NEGLIGENCE, ETC. – 2

167.010 pldg mi281401

McKENZIE ROTHWELL BARLOW
& KORPI, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

maintained by defendant. On January 28, 2009 the Trust's administrative agent faxed a transaction request to defendant for liquidation and transfer of the account, which was in the amount of $7,532,366.83. At that time the precise amount of the account was unknown to plaintiffs.

9. On January 30, 2009 defendant notified the Trust's investment consultant that $6,076,194.79 would be wired to Vanguard on February 4, 2009, without accounting for the remaining $1,456,172.04 in the account. On February 4, 2009, which was the settlement deadline under defendant's standard of "trade date plus three business days," as well as the deadline specified in the administrative agent's instructions, defendant wired $6,076,194.79 to Vanguard. Vanguard received and invested the $6,076,194.79 in fixed-income funds in accordance with plaintiffs' directions.

10. Two days later, on February 6, 2009, without notifying plaintiffs or their duly authorized agents, defendant wired the remaining $1,456,172.04 in the account to Vanguard. Without requesting instructions from anyone about the proper investment of the $1,456,172.04, Vanguard improperly invested this second wired amount exclusively in its S&P 500 mutual fund. Instead, Vanguard should have invested that amount in three mutual funds, including the S&P 500 fund, in accordance with plaintiffs' directions and the allocation targets of the Trust's investment policy.

### III. FIRST CLAIM FOR RELIEF: NEGLIGENCE

11. Plaintiffs reallege the allegations contained in paragraphs 6 through 10 as though fully set forth herein.

COMPLAINT FOR NEGLIGENCE, ETC. – 3

167.010 pldg mi281401

McKENZIE ROTHWELL BARLOW
& KORPI, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

12. At all material times, defendant owed plaintiffs a duty of reasonable care to comply with its own settlement-deadline standard of "trade date plus three business days" with respect to investment fund transfers, and to notify plaintiffs and its duly authorized agents of the dates and amounts of all investment moneys transferred at plaintiffs' direction.

13. Defendant's surreptitious transfer to Vanguard of the remaining $1,456,172.04 in the account after the settlement deadline constituted a breach of defendant's duty of care to plaintiffs. As a direct and proximate result of defendant's breach, plaintiffs sustained damages in the form of lost investment returns totaling $116,445, to be proved at the time of trial.

IV. SECOND CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY

14. Plaintiffs reallege the allegations contained in paragraphs 6 through 10 as though fully set forth herein.

15. At all material times, defendant was a custodian of Trust assets, including the $1,456,172.04 that was improperly invested as a direct and proximate result of defendant's surreptitious and unexplained separate transfer of that amount to Vanguard. These moneys were plan assets over which defendant exercised authority and control. Defendant is thus a fiduciary under section 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. § 1002(21)(A)(i) and (iii).

16. By wrongfully transferring $1,456,172.04 to Vanguard in a separate transaction without notifying plaintiffs or their duly authorized agents, thus causing damage to plaintiffs, defendant breached its fiduciary duty under sections 409 and 502(a)(2) of ERISA, 29 U.S.C. § 1109 and 1132(a)(2).

COMPLAINT FOR NEGLIGENCE, ETC. – 4

167.010 pldg mi281401

McKENZIE ROTHWELL BARLOW
& KORPI, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

## V. THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

17. Plaintiffs reallege the allegations contained in paragraphs 6 through 10 as though fully set forth herein.

18. Defendant's actions set forth in paragraphs 6 through 10 constitute a breach of the Transaction Security Agreement.

19. As a result of defendant's breach of the Agreement, plaintiffs sustained damages in the form of lost investment returns totaling $116,445, to be proved at the time of trial.

WHEREFORE, plaintiffs pray for the following relief:

1. For judgment in the amount of $116,445, representing the full amount of the lost investment returns as a result of defendant's negligence, breach of fiduciary duty, and breach of contract;

2. For any additional amounts lost as a result of defendant's negligence, breach of fiduciary duty, and breach of contract;

3. For plaintiffs' reasonable attorney's fees and costs; and

4. For such other and further relief as the court deems just and equitable.

DATED this 29th day of September, 2011.

McKENZIE ROTHWELL BARLOW & KORPI, P.S.

By: _/s/ Michael H. Korpi_
Michael H. Korpi, OSB #031594
Attorneys for Plaintiffs

COMPLAINT FOR NEGLIGENCE, ETC. – 5

167.010 pldg mi281401